FILED
SUPERIOR COURT
OF GUAM

2022 JAN 21 PM 2: 26

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0093-20** |
| vs. | **DECISION AND ORDER** |
| **ETHAN JEROME CRUZ DUENAS,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 25, 2021, for hearing on the People of Guam's ("the Government") Motion for Reconsideration. Present remotely via Zoom were Defendant Ethan Jerome Cruz Duenas ("Defendant") with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Richelle Canto on behalf of the People of Guam. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This Court, in evaluating the factors set forth in 19 GCA § 5106(d), found it appropriate to decertify and transfer the matter to Family Court. (Dec. & Order at 3-5, Dec. 16, 2020). The Court ordered the Office of the Attorney General – Family Division to file a Juvenile Petition within thirty (30) days of the issuance of the Decision and Order, and indicated that it would dismiss the instant matter upon receipt of proof of the filing of the juvenile petition. *Id.* at 5. No petition was filed nor did the Government file any pleadings indicating why no petition was filed within the thirty (30) days or shortly thereafter.

On June 21, 2021, August 2, 2021, and September 20, 2021, the Court held Status Hearings to inquire on the status of the petition and this matter.

On September 21, 2021, nine months after the Court issued its Decision and Order, the Government filed its Motion for Reconsideration, setting forth that the Court's Decision and Order was issued after Defendant turned 18 and that "the law does not permit a Defendant to be tried as a juvenile if he is already 18." (Mot. at 4, Sep. 21, 2021). Defendant opposes, arguing that none of the grounds for motions for reconsideration apply. *See generally*, Opp'n, Sep. 30, 2021.

On October 25, 2021, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Motions for reconsideration are governed by the Local Rules of the Superior Court of Guam. Criminal Rule 1.1 provides:

(d) Motion for Reconsideration. A motion may be renewed only on the grounds of

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam R. CR 1.1(d). *See also People v. Katzuta*, 2016 Guam 25 ¶ 74 ("The factors justifying a court's reconsideration of a previous decision include where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law.").

The Court acknowledges that Defendant turned eighteen on October 12, 2020, prior to the issuance of its Decision and Order on December 16, 2020. Defendant, however, filed his

Motion for De-Certification on September 9, 2020. According to the Notice of Motion filed contemporaneously with the Motion, the Government's Opposition was due September 23, 2020. At this time, the island of Guam remained in PCOR1 Status because of the Public Health Emergency stemming from the COVID-19 pandemic, and all filing deadlines were tolled from August 16, 2020 until October 19, 2020, pursuant to Administrative Order ADM20-411, unless otherwise specifically ordered by the applicable court. No Opposition was received by September 23, 2020, and the Court, in the interest of moving the matter forward, set forth an Order directing the Government to file its Response by October 12, 2020, and Defendant to file his Reply, if any, by October 19, 2020. *See* Order for Briefing, Sep. 28, 2020. In the Government's Opposition and at the Motion Hearing, no mention was made of the Family Court lacking jurisdiction because Defendant was about to or had just turned eighteen.

"It has been settled . . . that the Family Court does not have jurisdiction over an individual who was a minor at the time the offense was committed, but was an adult when the individual was actually charged. *The date of charging is therefore the relevant jurisdictional date.*" *People v. Gomia*, 2017 Guam 13 ¶ 9 (internal citations and quotation marks omitted) (emphasis added). Under Guam law, "[f]or the purposes of § 5103(a)(4) only, a child or minor means a person less than eighteen (18) years of age on the date legal proceedings are first commenced against him. For all other purposes, a child or minor is a person who is less than eighteen (18) years of age." 19 G.C.A. § 5102(d). Section 5103(a)(4) provides that "[e]xcept as otherwise provided herein, the court[1] shall have exclusive jurisdiction in proceedings: (a) Concerning any child living or found within the territory of Guam: who is alleged to have violated any territorial law; provided, that, the Family Division shall not have jurisdiction with respect to any child sixteen (16) years of age or older who is alleged to have committed any offense under the Vehicle Code (16 GCA) if such offense is within the jurisdiction of the Traffic Division of this Court." 19 G.C.A. § 5103(a)(4). "Where jurisdiction shall have been obtained by the court through § 5103(a)(4) in the case of any child, such jurisdiction may be

---

[1] The Family Division of the Superior Court. *See* 19 G.C.A. § 5102(a).

retained by the court until such child becomes twenty-one (21) years of age, unless he is discharged prior thereto by the court. Any decree or order of the court may be modified at any time, except as otherwise provided by law." 19 G.C.A. § 5105(b). This matter commenced on February 12, 2020, when a Magistrate's Complaint was filed and a grand jury indicted Defendant on February 28, 2020. Defendant was under the age of eighteen at the time legal proceedings were first commenced against him. Therefore, the Court finds that the Family Court may have jurisdiction over Defendant until he turns twenty-one.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Government's Motion for Reconsideration.

**IT IS SO ORDERED** this 21st day of January, 2022.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam